## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **SUZANNE H. WOOTEN,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **4:18-cv-00380** |
| **JOHN ROACH, SR., CHRISTOPHER** | § | |
| **MILNER, COLLIN COUNTY,** | § | |
| **TEXAS, GREGORY ABBOTT, AND** | § | |
| **HARRY EUGENE WHITE** | § | |
| *Defendants.* | § | |

## DEFENDANTS' JOINT ADVISORY REGARDING INTERLOCUTORY APPEAL

Defendants jointly file this Joint Advisory Regarding Interlocutory Appeal, hereby providing notice that all Defendants' interlocutory appeal of this Court's denial of their motions to dismiss based on absolute, official, and qualified immunity has the effect of divesting this Court of jurisdiction pending the Fifth Circuit's resolution of Defendants' appeal.

Defendants filed Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing in part that Defendants are protected by absolute immunity, state law official immunity, and qualified immunity from any cause of action arising out of the conduct described in Plaintiff's First Amended Complaint. *See* ECF Nos. 17, 18, 20. The Court issued a Memorandum Opinion and Order on March 27, 2019, denying Defendants' Motions and specifically rejecting Defendants' arguments as to absolute prosecutorial immunity and official immunity. ECF No. 39 at 22. Additionally, the Court ordered Plaintiff to file an amended complaint. *Id.* However, prior to the second amended complaint being filed, Defendants filed Notices of Interlocutory Appeal on April 9, 2019. *See* ECF Nos. 40, 41.

The filing of those notices of appeal immediately divested this Court of jurisdiction to proceed against Defendants. *See Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985) (immunity, whether qualified or absolute, "is effectively lost" if a case is erroneously permitted to proceed at the district court level while an interlocutory appeal of a denial of immunity is pending); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *see also Williams v. Brooks*, 996 F.2d 728, 729-30 & n.2 (5th Cir. 1993) (per curiam) (agreeing with other circuits that "have uniformly held that the filing of a non-frivolous notice of interlocutory appeal following a district court's denial of a defendant's immunity defense divests the district court of jurisdiction to proceed against that defendant"). Because Defendants have asserted that they are immune from all of Plaintiff's claims, the entirety of this matter is now before the Fifth Circuit for review. Moreover, Plaintiff's Second Amended Complaint is not operative, and Defendants cannot be compelled to respond to it while their appeal is pending. *See May v. Sheahan*, 226 F.3d 876, 881 (7th Cir. 2000) (holding that an appeal like this one "deprives a district court of jurisdiction to accept an amended complaint filed while the appeal is pending. Therefore, the amended complaints [plaintiff] filed while this appeal was pending are nullities . . . .").

For the foregoing reasons, Defendants respectfully advise the Court that their notices of appeal have divested it of jurisdiction in this matter. To the extent any doubt may exist on this point or that Defendants are not required to respond to Plaintiff's Second Amended Complaint, Defendants respectfully request that the Court issue an order making clear that it lacks jurisdiction while this matter is pending on appeal. If the Court believes that it retains jurisdiction, Defendants respectfully request an order stating the Court's understanding.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN BANGERT
Deputy Attorney General for Legal Counsel

*/s/ Patrick K. Sweeten*

PATRICK K. SWEETEN
Attorney-in-Charge
Associate Deputy for Special Litigation
Texas Bar No. 00798537
Tel.: (512) 463-4139; Fax: (512) 936-0545
patrick.sweeten@oag.texas.gov

CHRISTOPHER D. HILTON
Assistant Attorney General
Texas Bar No. 24087727
General Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
Tel.: (512) 463-2120; Fax: (512) 320-0667
christopher.hilton@oag.texas.gov

***Counsel for Defendants Greg Abbott
and Harry White***

Respectfully submitted,

**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**

By:     /s/ Robert J. Davis
        **ROBERT J. DAVIS**
        State Bar No. 05543500
        bdavis@mssattorneys.com
        8131 LBJ Freeway, Suite 700
        Dallas, Texas 75251
        972/234-3400 (office)
        972/234-1750 (telecopier)

        **ATTORNEYS FOR DEFENDANTS**
        **JOHN ROACH, SR., CHRISTOPHER**
        **MILNER, AND COLLIN COUNTY, TEXAS**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendants conferred with counsel for Plaintiff via email on April 17, 2019, and that Plaintiff disagrees with Defendants' assertion that the Court has been divested of jurisdiction.

*/s/ Christopher D. Hilton*
CHRISTOPHER D. HILTON
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent via the Court's CM/ECF system on this the 17th day of April, 2019, to all counsel of record.

*/s/ Christopher D. Hilton*
CHRISTOPHER D. HILTON
Assistant Attorney General