IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **SUZANNE H. WOOTEN** § | |
| § | |
| vs. § | **CIVIL ACTION NO. 4:18-cv-00380** |
| § | |
| **JOHN ROACH, SR., et. al.** § | |

**COLLIN COUNTY'S EXPEDITED MOTION TO STAY PENDING
DETERMINATION OF INTERLOCUTORY APPEAL OF IMMUNITY**

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW **Collin County, Texas**, one of the Defendants in the above-styled cause, and file its EXPEDITED MOTION TO STAY PENDING DETERMINATION OF INTERLOCUTORY APPEAL OF IMMUNITY, and would respectfully show the Court as follows:

**I.
SUMMARY OF MOTION AND PERTINENT PROCEDURAL BACKGROUND**

The Court, on March 27, 2019, issued its MEMORANDUM OPINION AND ORDER [Dkt. 39] denying Defendants' Motions to Dismiss [Dkt. 17, 18, and 19] and specifically rejecting arguments as to absolute prosecutorial immunity and official immunity [Dkt. 39 at 22]. Additionally, the Court ordered Plaintiff to file an amended complaint. *Id.*

Prior to the SECOND AMENDED COMPLAINT being filed, Defendants filed Notices of Interlocutory Appeal on April 9, 2019 [Dkt. 40, 41]. Defendants thereafter filed their JOINT ADVISORY REGARDING INTERLOCUTORY APPEAL [Dkt. 43] to which Plaintiff filed her RESPONSE TO DEFENDANTS' JOINT ADVISORY REGARDING INTERLOCUTORY APPEAL AND REQUEST TO CERTIFY COLLIN COUNTY'S APPEAL AS FRIVOLOUS [Dkt. 44]. Defendants Abbott and White filed their REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT ADVISORY REGARDING INTERLOCUTORY APPEAL AND REQUEST TO CERTIFY COLLIN COUNTY'S APPEAL AS FRIVOLOUS [Dkt. 46].

Collin County filed its WITHDRAWAL OF NOTICE OF INTERLOCUTORY APPEAL [Dkt. 47] in conjunction with the instant EXPEDITED MOTION. The Court has already stayed all discovery in this case. See, ORDER [Dkt. 34]. The County requests that this case be completely stayed until the pending interlocutory appeal of immunity is fully decided for the reasons detailed more fully below.

## II.
## DETERMINATION OF PROSECUTORIAL FUNCTION AND IMMUNITY IS ESSENTIAL TO COUNTY'S ROLE IN THIS LITIGATION

The issue and resolution of Defendants Roach and Milner's entitlement to absolute prosecutorial immunity is essential to Collin County's continuing role, if any at all, in this litigation.

The Fifth Circuit has previously held that District Attorney Roach, when prosecuting cases [i.e. acting in a prosecutorial capacity], was acting as a State Official - - not a Collin County official or policy maker - - expressly holding:

> This circuit has stated on numerous occasions that district attorneys and assistant district attorneys in Texas are agents of the state when acting in their prosecutorial capacities. See, e.g., *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997)(holding that a district attorney acted as a state official in using peremptory challenges during jury selection); *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995) (holding that the actions of a Texas district attorney within the scope of his prosecutorial function during a criminal proceeding do not constitute official policy for which a county can be held liable); *Echols v. Parker*, 909 F.2d 795, 801 (5th Cir. 1990)(holding that a Texas district attorney is a state official when instituting criminal proceedings to enforce state law); cf. *Crane v. Texas*, 766 F.2d 193 (5th Cir. 1985)(holding that Texas district attorney acted as county official in setting county policy for the authorization of misdemeanor warrants). The District Attorney Defendants in this case were clearly acting in their capacities as prosecutors in determining whether and when to bring charges against Quinn. See *Echols*, 909 F.2d at 801. The District Attorney Defendants are protected by Eleventh Amendment immunity with respect to their actions in handling the criminal case against Quinn.

*Quinn v. Roach*, 326 Fed. Appx. 280, 292-293 (5th Cir. 2009), cert. denied, 130 S. Ct. 1050, 175 L. Ed. 2d 882 (U.S. 2010); See also, *Mowbray v. Cameron Cnty., Tex*., 274 F.3d 269, 278 (5th Cir. 2001)(holding that a county cannot be liable under §1983 for failure to train the county's attorneys because those attorneys were state officers).

The Fifth Circuit's answer to whether or not former District Attorney Roach and former Assistant Milner were acting in their prosecutorial roles [as the Collin County Defendants contend][1] or in an investigatory role [as this Court has concluded][2] is pivotal to the Plaintiff's allegations against the County and it ongoing viability as a Defendant herein.

### III.
### CONTINUATION OF CASE AGAINST COUNTY WHILE APPEAL PENDING WOULD IMPINGE UPON OTHER DEFENDANTS' IMMUNITIES

As detailed in Defendants Collin County District Attorney Roach, Assistant District Attorney Milner and Collin County's MOTION TO STAY DISCOVERY AND ABATEMENT OF ANY ORDER FOR RULE 26 CONFERENCE PENDING DETERMINATION OF THEIR MOTIONS TO DISMISS AND IMMUNITY [Dkt. 19], the various doctrines of absolute, qualified and official immunity are effectively eviscerated if discovery is allowed to proceed before there is a determination that Plaintiff has adequately alleged facts which would overcome immunity. One of the core protections of immunity is not only to spare Defendants from unwarranted liability, but also from unwarranted demands customarily imposed upon those defending a long drawn out lawsuit. See also, Court's ORDER [Dkt. 34] staying discovery ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (citation and internal quotation marks omitted).).

All of Plaintiff's claims against - - and the corresponding immunities of - - the individual Defendants are now pending before the Fifth Circuit.[3]

---

[1] See, DEFENDANTS JOHN ROACH SR. AND CHRISTOPHER MILNER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. PL. 12(b)(6) [DKT. 17], p. 17-10

[2] See, MEMORANDUM OPINION AND ORDER [Dkt. 39], p. 19

[3] See, Defendants Abbott and White filed their REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT ADVISORY REGARDING INTERLOCUTORY APPEAL AND REQUEST TO CERTIFY COLLIN COUNTY'S APPEAL AS FRIVOLOUS [Dkt. 46], p. 2-3

Regarding all Defendants, Plaintiff contends that "there is no reason to delay litigation on issues other than absolute prosecutorial immunity."[4] Plaintiff specifically seeks to "be permitted to continue on her claims against Collin County" and also, again regarding all Defendants, be permitted to "continue all matters not involved in the interlocutory appeal."[5] To allow same would contravene the clearly established Supreme Court, Fifth Circuit and Eastern District precedent in this area.

It would be practically infeasible, if not nearly impossible, to "continue" with this case in a fair manner which would not necessarily substantially impinge upon the individual Defendants' unresolved immunities. As Co-Defendants Abbott and White have articulated, even if Plaintiff's mixed-capacity argument is credible, which it is not, all the individual Defendants raised the defense of absolute immunity as to each of the Plaintiff's claims against them; there are no matters not involved in the interlocutory appeal.[6] To continue only on claims against the County would be a procedural and practical quagmire.

Plaintiff suggests that:

" . . . even if the individual Defendants could be entitled to immunity, such would not bar Plaintiff from seeking discovery from those Defendants as witnesses in relation to Plaintiff's claims against Collin County. Thus, regardless of the resolution of the individual Defendants' interlocutory appeals by the Fifth Circuit, discovery will still be pursued from them in relation to claims against Collin County."[7]

Under Plaintiff's proposed scenario, the individual Defendants' clearly established right to "the avoidance of disruptive discovery" is wholly thwarted. Regardless of whether they are deposed

---

[4] See, Plaintiff's RESPONSE TO DEFENDANTS' JOINT ADVISORY REGARDING INTERLOCUTORY APPEAL AND REQUEST TO CERTIFY COLLIN COUNTY'S APPEAL AS FRIVOLOUS [Dkt. 44], p. 5

[5] See, Plaintiff's RESPONSE TO DEFENDANTS' JOINT ADVISORY REGARDING INTERLOCUTORY APPEAL AND REQUEST TO CERTIFY COLLIN COUNTY'S APPEAL AS FRIVOLOUS [Dkt. 44], footnote 6, p. 8 and prayer for relief, p. 9.

[6] See, Defendants Abbott and White filed their REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT ADVISORY REGARDING INTERLOCUTORY APPEAL AND REQUEST TO CERTIFY COLLIN COUNTY'S APPEAL AS FRIVOLOUS [Dkt. 46], p. 2.

[7] See, Plaintiff's RESPONSE TO DEFENDANTS' JOINT ADVISORY REGARDING INTERLOCUTORY APPEAL AND REQUEST TO CERTIFY COLLIN COUNTY'S APPEAL AS FRIVOLOUS [Dkt. 44], p. 5, footnote 2

as a witnesses or as a Defendant, if the case continues against <u>any</u> of the Defendants, the individual Defendants would be improperly burdened, clearly controverting the repeatedly stated goal of freeing officials from the concerns of litigation until their immunity is resolved.  But even if the individuals were not required to be deposed, they would still be obliged to participate in other depositions which may be conducted under the guise of discovery against the County.  No matter how it is postured, permitting the case to proceed in any manner at this juncture thwarts the core tenets of immunity.

**IV.**
**CONTINUATION OF CASE AGAINST COUNTY WHILE**
**APPEAL PENDING WOULD BE WASTE OF JUDICIAL AND COUNSEL RESOURCES**

Under Plaintiff's proposal, the individual Defendants would necessarily be deposed at least twice - - once as a "witness" and possibly again later [depending after the Fifth Circuit decision] as a Defendant.  Moreover, depending on the Fifth Circuit's decision, the scope of discovery - - if even any at all - - against the County could be substantially circumscribed.  Engaging in discovery now could mean discovery is propounded which may later be determined to be irrelevant or even moot.  The various scenarios and yet unresolved legal issues which would allow this Court to carefully and narrowly craft appropriate discovery and permit the case to proceed have not yet come to fruition.

Conversely, there is no harm if this case is wholly abated until immunity issues are resolved. The case is at its nascent stage; no scheduling order has been issued, nor should it be. Discovery is completely stayed (see, ORDER [Dkt. 34]) and should remain so until all the threshold immunity issues are resolved. Plaintiff would be saved the cost of unnecessary discovery if the individual Defendants' assertions of immunity is found by the Fifth Circuit.  The Court, too, would be spared the use and/or waste of judicial resources if this case were abated.  Fundamentally, it makes practical sense that addressing all issues and all the Defendants [in every capacity] at one time in a consistent manner is far more efficient that piecemeal proceedings wherein the case moves forward with just one of the five defendants.

## V.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant **COLLIN COUNTY, TEXAS** prays that the Court grant their EXPEDITED MOTION TO STAY PENDING DETERMINATION OF INTERLOCUTORY APPEAL OF IMMUNITY, that the Court order that all activity in the instant cause be stayed until the determination of Defendants Roach, Milner, White and Abbott's entitlement to immunity has been resolved, and that it have such other relief, at law or in equity, to which the County may show itself entitled.

Respectfully submitted,

By: /s/ *Robert J. Davis*
**ROBERT J. DAVIS**
State Bar No. 05543500
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)

**ATTORNEY FOR DEFENDANTS**
**JOHN ROACH, SR., CHRISTOPHER**
**MILNER, AND COLLIN COUNTY, TEXAS**

### CERTIFICATE OF CONFERENCE

I hereby certify that on April 18, 2019, I conferred with Plaintiff's Counsel Scott H. Palmer by email. Then again, on April 19, 2019, I conferred with Plaintiff's counsel Palmer by teleconference and also email. A copy of such email correspondence is attached. Plaintiff's counsel has now advised that he is opposed to the relief requested herein. I also conferred with counsel for Co-Defendants Christopher Hilton and he agrees to the relief requested herein. It is therefore presented to the court for determination.

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 19, 2018, I electronically filed the foregoing document with the clerk of the Court for the Eastern District, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Scott H. Palmer, Sean Cox, James P. Roberts, Patrick Sweeten and Christopher Hilton.

                         /s/ *Robert J. Davis*
                         **ROBERT J. DAVIS**