IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SUZANNE H. WOOTEN | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:18-cv-00380 |
| | § | |
| JOHN ROACH, SR., et. al. | § | |

# DEFENDANTS COLLIN COUNTY, ROACH AND MILNER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND SUPPLEMENT TO SUR-REPLY

TO THE HONORABLE JUDGE OF THE COURT:

COME NOW **COLLIN COUNTY**, **JOHN ROACH, Sr.** and **CHRISTOPHER MILNER**, three of the Defendants, and expressly subject to Defendants' Roach and Milner's NOTICE OF INTERLOCUTORY APPEAL [Dkt. 41] and DEFENDANTS' JOINT ADVISORY REGARDING INTERLOCUTORY APPEAL [Dkt. 43], file their RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND SUPPLEMENT TO SUR-REPLY, and would respectfully show the Court as follows:

## I.
## LEAVE TO AMEND IS OPPOSED BY THESE DEFENDANTS

Defendants Collin County, Roach and Milner oppose leave for Plaintiff to Amend - - for a third time - - her complaint, for two compelling reasons. First, and foremost, this Court lacks jurisdiction while the matter is on appeal before the Fifth Circuit. Second, even if not on appeal and this Court has jurisdiction, leave should be denied because Plaintiff's third attempt to amend does not meet the requirements of Rule 15, as discussed more fully below, as it is not timely, its is highly prejudicial, and most importantly it is futile.

The reasons which preclude amendment similarly bar leave for Plaintiff to file a supplement to her Sur-Reply.

1. **Pending interlocutory appeal before the Fifth Circuit**.

This Court is no doubt well aware that there is currently a pending interlocutory appeal before the Fifth Circuit. Despite this appeal, once again, Plaintiff is attempting to litigate against the County and also the Individual Defendants in this Court in the absence of jurisdiction.[1] All of Plaintiff's claims against Roach and Milner [and Abbott and White] are now before the Fifth Circuit, and Plaintiff's further pleadings and efforts to litigate against them in this Court are without legal effect. *E.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 671-75 (2009); *Mitchell v. Forsyth*, 472 U.S. 511, 524-30 (1985); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Backe v. LeBlanc*, 691 F.3d 645, 648-49 (5th Cir. 2012); *May v. Sheahan*, 226 F.3d 876, 881 (7th Cir. 2000); *Hart v. O'Brien*, 127 F.3d 424, 431-32, 435-36 (5th Cir. 1997); *see also, e.g.*, Dkt. 69. By seeking leave to file a THIRD AMENDED COMPLAINT, Plaintiff's latest procedural maneuver again seeks to deny the protections of Roach and Milner's absolute, qualified, and official immunities before the merits of those immunities have been fully litigated. Seeking to further amend also infringes on the County's rights, unduly burdening it as well while this appeal is pending.[2] Because it lacks jurisdiction, the Court should take no further action in this case until the pending interlocutory appeal is resolved.

2. **Plaintiff's request for leave to file proposed THIRD AMENDED COMPLAINT does not meet requirements of Rule 15**.

Even if the Court did have jurisdiction, which it does not as discussed above, it should not permit another amendment to Plaintiff's already twice amended pleading. Thus, the Court should deny Plaintiff's motion for leave [Dkt. 83].

---

[1] Defendants Roach and Milner reincorporate and reassert all of their and Co-Defendants' jurisdictional objections, which have been previously briefed for the Court. *See, e.g.*, Dkt. Nos. 43, 46, 48, 49, 57, 59, 61, 67, 69, and 70. This Opposition is submitted subject to and without waiving their arguments that the Court lacks jurisdiction to hear the claims against them, and with full reservation of rights to seek all necessary relief to prevent Defendants from being subject to the burdens of ongoing litigation while their appeal is pending.

[2] Collin County Defendants reincorporates and reasserts all of their [and Co-Defendants] arguments regarding stay of the case and opposition to severance while the appeal is pending, which have been previously briefed for the Court. *See, e.g.*, Dkt. Nos. 67, 69, and 70

### A. Standard for Leave to Amend

Although Rule 15(a)(2) of the Federal Rules of Civil Procedure provides a lenient standard, "leave to amend is 'by no means automatic.'" *Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993)(quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A 1981)). "[T]he decision to grant or deny leave to amend lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992). "'Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment.'" *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013)(quoting *Ballard v. Devon Energy Prod. Co.*, 678 F.3d 360, 364 (5th Cir. 2012)).

### B. Undue Delay

Plaintiff does not and cannot explain why her *Monell* claim will rise or fall on the basis of these slight additions mentioning another criminal case, and no clear explanation is given as to why these allegations could not have been previously discovered then asserted in her other complaints.[3] These are not "newly discovered facts"[4] but rather stale and uneventful information about a series of criminal cases[5] which have been available on the County's online case information website for at least twelve years regarding the original case.[6]

---

[3] See, Plaintiff's MOTION FOR LEAVE [Dkt. 83], p. 2 (asserting in passing that the allegations relate to "newly discovered facts" without any explanation); *id.* at 3 (vaguely stating that "Plaintiff has recently been alerted to the allegations outside of the discovery process" without explaining how or why). To the extent that Plaintiff complains again about the stay of discovery in this matter, this Court has rightly recognized that a stay is appropriate until the resolution of the motions to dismiss. *See* Dkt. 34.

[4] See, Plaintiff's MOTION FOR LEAVE [Dkt. 83], p. 2

[5] Although Plaintiff does not provide any identifying information about the criminal case besides stating the Defendant's name - - "Robert Rodriguez" (See, Plaintiff's MOTION FOR LEAVE [Dkt. 83], Ex. 1, the proposed THIRD AMENDED COMPLAINT, paragraph 59, p. 144), a check on Collin County's online website for court information suggests it was actually a series of cases which have moved from the 401st District Court to the 296th over the course of seven years, from 2007 to 2014.

[6] See, i.e., http://cijspub.co.collin.tx.us/CaseDetail.aspx?CaseID=935839

## C. Undue Prejudice to the opposing parties

If permitted, Plaintiff's proposed THIRD AMENDMENT COMPLAINT would require yet another round of motions to dismiss by all parties,[7] which would be a "waste of judicial resources and the resources of the parties" that justifies denying Plaintiff's motion. *Halbert v. City of Sherman*, 33 F.3d 526, 531 (5th Cir. 1994)(refusing to remand after the denial of a motion for leave to amend). And Plaintiff's request to supplement her sur-reply would not eliminate the need for this additional briefing, because her sur-reply relates to a pleading (the putative SECOND AMENDED COMPLAINT) that she is attempting to supersede (via the putative THIRD AMENDED COMPLAINT). Accordingly, Plaintiff's proposed filings would unduly prejudice the Individual Defendants, who are entitled by law to a determination of their immunity defenses without being dragged even deeper into the procedural quagmire that Plaintiff has created. It is unfair and unjust to allow Plaintiff to subject Roach and Milner (and Abbott and White) to burdensome litigation in this Court while the Fifth Circuit has jurisdiction over their immunity defenses to all of Plaintiff's claims.

## D. Futility of the proposed Amendment

Plaintiff's attempted third version of her lawsuit does little, if even anything at all, to improve her *Monell* claims against the County. Essentially, she seeks to pile on with another claimed example of a prosecution she contends was initiated for some ulterior motive[8] and without probable cause.[9] As detailed below, Plaintiff is wrong on both counts. Thus, Plaintiff's proposed third amendment to her pleading serves no legitimate purpose and is futile.

---

[7] Though any pleadings that were filed after Roach and Milner's notice of appeal have no effect whatsoever against them, as previously explained, the County, Roach and Milner have no choice but to protect themselves through additional filings in the absence of a clear statement by this Court regarding its view of its jurisdiction.

[8] See, Plaintiff's MOTION FOR LEAVE [Dkt. 83], Ex. 1, the proposed THIRD AMENDED COMPLAINT, paragraph 59, p. 144 ("The investigation was initiated at the urging of Scott Ginsburg, a major campaign contributor to then District Attorney Roach.")

[9] See, Plaintiff's MOTION FOR LEAVE [Dkt. 83], Ex. 1, the proposed THIRD AMENDED COMPLAINT, paragraph 59, p. 144 ("An indictment was obtained based on false, incomplete, and misleading information.")

Plaintiff's newest aspersions against former District Attorney Roach and spurious allegations that the criminal case against Robert Rodriguez was improperly pursued for some type political motives to benefit a Roach campaign contributor are not only entirely false, but rebuked by the very public records which Plaintiff presumably used to drudge up this prior criminal case.

Plaintiff's hoped-for narrative crows that "Rodriquez was ultimately acquitted when a jury found him not guilty of the criminal charges brought by the CCDAO"[10]. While true, it conveniently and importantly omits crucial times frames and facts. Rodriquez's "not guilty" jury verdict was in 2015 - - many years after District Attorney Roach had already left office[11] - - and more importantly, after Rodriguez had been re-indicted in 2014 by an appointed attorney pro tem.[12] A copy of the 2014 INDICTMENT, the REGISTER OF ACTIONS for the case styled *State of Texas v. Robert Escajeda Rodriguez*, Case No. 296-80180-2014, and the STATE'S NOTICE TO WITHDRAW RECUSAL filed February 15, 2012, in all the *Rodriguez* cases are attached as Exhibit No. 1, 2, and 3. Any purported taint in the process Plaintiff [incorrectly] attributes to Former District Attorney Roach was completely removed when an appointed Attorney Pro tem "independently returned to the grand jury to re-indict the cases."[13]

Plaintiff's suggestion that the request of a "major campaign contributor"[14] motivated the activities of District Attorney Roach's Office in initially bringing the criminal charges against Rodriguez is patently false. It was the <u>current</u> District Attorney who raised concerns about campaign

---

[10] See, Plaintiff's MOTION FOR LEAVE [Dkt. 83], Ex. 1, the proposed THIRD AMENDED COMPLAINT, paragraph 59, p. 144

[11] The current Collin County District Attorney Greg Willis took office on January 1, 2011. See, https://www.txdirectory.com/online/person/?id=39733&office=12545

[12] See Ex. 3, p. 1 (identifying the time frames when the current District Attorney's Office voluntarily recused itself and "An attorney pro tem was appointed to prosecute the cases.")

[13] See Ex. 3, p. 3 ("The cases were initially indicted under the previous District Attorney, and the attorney pro tem independently returned to the grand jury to re-indict the cases")

[14] See, Plaintiff's MOTION FOR LEAVE [Dkt. 83], Ex. 1, the proposed THIRD AMENDED COMPLAINT, paragraph 59, p. 144 ("The investigation was initiated at the urging of Scott Ginsburg, a major campaign contributor to then District Attorney Roach." )

contributions to his own campaign. Details of that discussion, arising during the somewhat convoluted recusal process, are laid out more fully in the February 15, 2012, STATE'S NOTICE TO WITHDRAW RECUSAL.[15] In describing the current District Attorney's situation, the First Assistant Attorney wrote:

> "The State has located no authority standing for the proposition that an elected District Attorney is disqualified when the victim of an offense was a contributor to the Criminal District Attorney's campaign. Therefore, the fact that the victim was a contributor to the **current** Criminal District Attorney campaign has no bearing on the Criminal District Attorney's ability to prosecute the cases."[16]

It is the current District Attorney, not former District Attorney Roach, who received campaign donations from one of the victims. In her excitement to excoriate former District Attorney Roach, Plaintiff has made proposed allegations which likely do not pass muster under FED. R. CIV. P. 11 regarding sanctionable allegations let alone justify filing her THIRD AMENDED COMPLAINT. Quite simply, the three paragraphs Plaintiff now seeks to add are not even factually correct and do nothing to demonstrate the *Monell* pattern she desperately seeks but cannot establish.

In light of the foregoing, he Court should take no further action in this case until the pending interlocutory appeal is resolved. Alternatively, the Court should deny Plaintiff's motion for leave.

**WHEREFORE, PREMISES CONSIDERED**, Defendants **COLLIN COUNTY**, **JOHN ROACH, Sr.** and **CHRISTOPHER MILNER** pray that the Court take no further action in this case until the pending interlocutory appeal is fully resolved, and/or alternatively, deny the Plaintiff's MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND SUPPLEMENT TO SUR- REPLY TO THE SECOND MOTION TO DISMISS FILED BY DEFENDANT COLLIN COUNTY [Dkt. 83]; and that they have such other relief to which they may show themselves entitled.

---

[15] See Ex. 3, p. 1-3

[16] See Ex. 3, p. 3 (emphasis added)

Respectfully submitted,

By: /s/ *Robert J. Davis*
**ROBERT J. DAVIS**
State Bar No. 05543500
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)

**ATTORNEY FOR DEFENDANTS
JOHN ROACH, SR., CHRISTOPHER
MILNER, AND COLLIN COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2019, I electronically filed the foregoing document with the clerk of the Court for the Eastern District, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Scott H. Palmer, Sean Cox, James P. Roberts, Patrick Sweeten and Christopher Hilton.

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**